# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| T. MONTANA BELL, | No. 4:18-CV-02177 |
| Plaintiff, | (Judge Brann) |
| v. | (Magistrate Judge Saporito) |
| C/O ROTHROCK, *et al.*, | |
| Defendants. | |

## ORDER

### MARCH 16, 2020

Plaintiff T. Montana Bell filed a complaint in the Court of Common Pleas for Centre County, Pennsylvania on October 1, 2018. The complaint alleges that while Bell was incarcerated at SCI Rockview located in Centre County, Defendants violated his federal civil rights under Title II of the Americans with Disabilities Act and the First, Eighth, and Fourteenth Amendments to the United States Constitution made actionable by 42 U.S.C. § 1983, as well as state-law tort claims. Defendants removed the action to this Court on November 9, 2018.

On August 16, 2019, Defendants moved for summary judgment on all claims.[1] On January 30, 2020, Magistrate Judge Joseph F. Saporito, Jr. issued a Report and Recommendation recommending that this Court grant Defendants'

---

[1] Mot. for Summ. J. (ECF No. 14).

motion for summary judgment in part and deny the motion in part as moot. No timely objections were filed to this Report and Recommendation.

Where no objection is made to a report and recommendation, this Court will review the recommendation only for clear error.[2] Regardless of whether timely objections are made, district courts may accept, reject, or modify—in whole or in part—the findings or recommendations made by the magistrate judge.[3] Upon review of the record, the Court finds no clear error in Magistrate Judge Saporito's conclusions. Consequently, **IT IS HEREBY ORDERED** that:

1. Magistrate Judge Joseph F. Saporito, Jr.'s Report and Recommendation (ECF No. 33) is **ADOPTED**.

2. Defendants' motion for summary judgment (ECF No. 14) is **GRANTED IN PART** and **DENIED IN PART** as moot.

3. Plaintiff's claims for damages against the Pennsylvania Department of Corrections and against the individual defendants in their official capacities are **DISMISSED** for lack of subject-matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1).

---

[2] Fed. R. Civ. P. 72(b), advisory committee notes; *see Henderson v. Carlson*, 812 F.2d 874, 878 (3d Cir. 1987) (explaining that court should in some manner review recommendations regardless of whether objections were filed).

[3] 28 U.S.C. § 636(b)(1); Local Rule 72.31.

4.  The remainder of Plaintiff's federal civil rights claims for damages and declaratory relief under 42 U.S.C. § 1983 and Title II of the Americans with Disabilities Act are **DISMISSED** for failure to state a claim on which relief can be granted.

5.  Plaintiff's state-law claims are **DISMISSED** for failure to state a claim on which relief can be granted.

6.  The Clerk of Court is directed to close the case.

BY THE COURT:

*s/ Matthew W. Brann*
Matthew W. Brann
United States District Judge